IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH OWENS,<br><br>　　　　*Plaintiff,*<br><br>　v.<br><br>MIMI WALKER, et al.,<br><br>　　　　*Defendants.* | CIVIL ACTION<br>NO. 21-3761 |

**PAPPERT, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　March 24, 2023

### MEMORANDUM

　　Kenneth Owens filed this lawsuit on July 16, 2021, against Mimi Walker. (ECF 1). The dispute appears to pertain to Owens's "lawful right to tender or administer" his property pursuant to the Fair Debt Collection Act, but there are no decipherable allegations against Walker or, for that matter, anyone else. The pleading does, however, contain a lengthy "Affidavit of Truth" wherein Owens, among many other things, describes himself as a "Sovereign," not subject to state or federal laws or jurisdiction. (ECF 1-1, at 5–11). The Court subsequently dismissed the Complaint without prejudice in light of Owens's failure to provide financial information in support of a motion to proceed *in forma pauperis* or pay the applicable $402 filing fee. (ECF 11).

　　Owens later paid the filing fee (ECF 17) and filed, ostensibly, an Amended Complaint, though that document is a two-page form listing the names and addresses of the parties with, again, no allegation against anyone. (ECF 23). In addition to Walker, Owens listed "Domestic Relations" as a defendant.

　　The defendants filed separate motions to dismiss. (ECF 29, 31). Owens did not respond to the motions, though he did file what he titles a "Letter of Requirement,"

1

(ECF 30), and a "Letter Rogatory for Relief," (ECF 34). Neither document makes any sense, leaving the motions to dismiss essentially uncontested.

I

The Court dismissed Owen's original Complaint for failure to prosecute. (ECF 11). The Amended Complaint is therefore the operative pleading. (ECF 23). It merely lists the parties' names and contact information, without any allegations against anyone. A pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Because Owens fails to satisfy Rule 8's pleading standard, the Amended Complaint must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

II

Even if the Court construes the Amended Complaint so liberally as to incorporate the substance of the original Complaint, dismissal is appropriate.

A

The defendants' motions are uncontested and granted as such. E.D. Pa. R. Civ. P. 7.1(c). The Third Circuit's *Poulis* analysis guides the Court's determination whether the "drastic sanction" of dismissal with prejudice is appropriate. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868–69 (3d Cir. 1984). The six factors set out in that case are: (1) the "extent of the party's personal responsibility, (2) "[p]rejudice to the adversary," (3) history of dilatoriness, (4) whether the party's "conduct was willful or in bad faith," (5) effectiveness of alternative sanctions and (6) the "[m]eritoriousness of the claim." *Id.* As a *pro se* litigant, Owens bears responsibility for his failure to properly

respond to the defendants' motions. *See Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). In this instance, the failure to respond did not significantly delay proceedings or burden the defendants. However, Owens has been nothing but dilatory over the life of this case. His failure to comply with court rules and file appropriate documents already resulted in dismissal without prejudice. (ECF 11). He resurrected the case over a year after it was closed and continued to pepper the docket with gibberish that does nothing to advance his case and serves only to confuse. *See, e.g.*, (ECF 4–7, 9–10, 15–16, 30, 32–34). This factor weighs strongly in favor of dismissal with prejudice. At this point, there is not enough evidence in the record for the Court to determine whether Owens's conduct is willful or in bad faith. It is clear, though, that alternative sanctions are unlikely to be effective: Owens is a *pro se* litigant who took over a year to pay the filing fee, so monetary sanctions would not be appropriate. And the lesser sanction of dismissal without prejudice did not cause Owens to follow the rules. As discussed in more detail below, Owens's claims not only lack merit—they are nonexistent. On balance, the *Poulis* factors favor dismissal with prejudice.

B

Dismissal is warranted even if the Court construes the "Letter of Requirement," (ECF 30) and "Letter Rogatory for Relief," (ECF 34), as attempts to oppose the motions and reaches the motions to dismiss on the merits. In addition to requiring a "short and plain statement of the claim," Rule 8 requires that each averment be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together, Rules 8(a)(2) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996). "While a court should

liberally construe the pleadings of a *pro se* plaintiff, the complaint must still comply with the pleading requirements of Rule 8." *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (non-precedential) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). Owen's original Complaint is a morass of pseudolegal nonsense, without any explanation that would put the defendants on notice of the claims against them. Even the most liberal construction of the docket cannot cure the Amended Complaint's defects, so dismissal under Rule 12(b)(6) is appropriate. *See Iqbal*, 556 U.S. at 678.

C

Owens did not request leave to amend, but even if he had, the Court would not grant it. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend should be granted *sua sponte* unless amendment would be "inequitable or futile"). Owens was given an opportunity to amend, and he persisted in presenting nothing but incomprehensible filings and boilerplate "sovereign citizen" type manifestos. The Court therefore finds that further leave to amend would be futile.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

4